**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MARGARET ANN PARKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 4:21-CV-00547-NCC** |
| ) | |
| **KILOLO KIJAKAZI,**[1] ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision

of the Commissioner denying the application of Margaret Ann Parker ("Plaintiff") for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*

Plaintiff has filed a brief in support of the Complaint (Doc. 14) and Defendant has filed a brief in

support of the Answer (Doc. 18).  The parties have consented to the jurisdiction of the

undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 5).

### I. PROCEDURAL HISTORY

Plaintiff filed her application for DIB on June 12, 2019 (Tr. 242-43).  Plaintiff was

initially denied on October 31, 2019, and she filed a Request for Hearing before an

Administrative Law Judge ("ALJ") (Tr. 175-79, 187-88).  After a hearing, by decision dated

October 15, 2020, the ALJ found Plaintiff not disabled (Tr. 25-44).  On March 10, 2021, the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant
to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi shall be substituted for
former Commissioner Andrew Saul as the defendant in this suit.  No further action need be taken
to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405(g).

Appeals Council denied Plaintiff's request for review (Tr. 5-11).  As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024, and that Plaintiff has not engaged in substantial gainful activity since January 10, 2019 (Tr. 30).  Through the relevant time period, the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical spine, status-post cervical fusion at C3-T1, and degenerative joint disease of the left knee, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 31).  After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work[2] with the following limitations (*Id.*).  Plaintiff cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl (*Id.*).  Plaintiff must avoid concentrated exposure to loud noise, vibration, and respiratory irritants (*Id.*).  Plaintiff must avoid concentrated exposure to hazards including unprotected heights and dangerous moving machinery (*Id.*).  The ALJ found Plaintiff capable of performing her past relevant work as a secretary clerk and an administrative assistant (Tr. 38).  Thus, the ALJ concluded that Plaintiff has not been under a disability from January 10, 2019, through October 15, 2020, the date of decision (*Id.*).

---

[2] "Sedentary work involves no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. § 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. § 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id.*  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'"  *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. § 404.1520(d).  If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. § 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a

claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. § 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.  If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant."  *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Id.*  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-

finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff asserts that the ALJ failed to properly evaluate the RFC when she found that Plaintiff's degenerative disc disease of the lumbar spine was not severe (Doc. 14). Specifically, Plaintiff argues that the severity of this condition is evidenced by an MRI showing "mild bilateral neural foraminal stenosis and moderate spinal stenosis" and her own subjective complaints (*Id.* at 4). For the following reasons, the Court finds that Plaintiff's argument is without merit and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

At Step 2, the Commissioner must determine whether a claimant has a severe impairment. 20 C.F.R. § 404.1520(c). A severe impairment is "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. Basic work activities include the "abilities and aptitudes" necessary to do most jobs including walking, standing, sitting, lifting, pushing, pulling, reaching, or carrying. 20 C.F.R. § 404.1522. Although this standard is neither onerous nor "toothless," the plaintiff bears the burden of establishing the severity of an impairment. 20 C.F.R. 404.1521. *See Kirby v. Astrue,* 500 F.3d 705, 707 (8th Cir. 2007). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page,* 484 F.3d at 1043 (quoting *Caviness,* 250 F.3d at 605, citing *Nguyen,* 75 F.3d at 430-31).

The Court finds the ALJ's determination that Plaintiff's degenerative disc disease of the lumbar spine is not a severe impairment to be supported by substantial evidence.  An impairment is severe if it significantly limits the ability to do basic work activities.  20 C.F.R. § 404.1520(c). Here, the medical evidence does not support that Plaintiff's degenerative disc disease of the lumbar spine significantly limits Plaintiff's ability to do basic work activities.  As a preliminary matter, Plaintiff did not allege a lumbar spine impairment or otherwise indicate any lower back pain or problems on her application.  *See* Tr. 378 (listing her impairments as blown disks in neck, numbness in right hand/arm, horrible headaches from looking down, and numbness in left shoulder due to healing of muscle).  *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (observing that a failure to allege depression in an application for benefits is significant, even if the evidence of depression was later developed).  Furthermore, during the administrative hearing, Plaintiff testified almost exclusively about neck and shoulder pain (*See* Tr. 103-114).  Indeed, the record reflects this focus as Plaintiff sought fairly consistent treatment for cervical and thoracic pain throughout the period at issue, only rarely suggesting a lower back impairment.  *See, e.g.,* Tr. 484 (evaluation following posterior cervical fusion preformed on August 17, 2016, indicating that she is "approximately 75% better than she was prior to surgery" but continues to have pain and discomfort in her neck); Tr. 46 (reporting discomfort in the back of the neck, the upper back, the back of the right hand, the left trapezius, the mid back, and the left knee).  Contrary to Plaintiff's assertion and as noted by the ALJ, a December 2019 MRI indicated only mild findings, specifically "discogenic and facet degenerative changes at L4-5 [contributing] to mild bilateral neural foraminal stenosis and moderate spinal stenosis" (Tr. 35, 566).  The ALJ determined that while these results may be indicative of some back pain, that they were not "indicative of debilitating back pain," especially when compared with the Plaintiff's level of

activity (Tr. 35).  In those instances where the lumbar spine was examined, notes indicate largely normal results.  *See, e.g.,* Tr. 14 (November 2020 record indicating normal curvature of the spine, upright posture, no tenderness, and normal flexion, extension, and rotation of the spine).  The ALJ correctly found Plaintiff's degenerative disc disease of the cervical spine to be a severe impairment.  Plaintiff's continued pain status-post cervical fusion is clearly extensive and significantly limits her ability to do basic work activities and was properly accounted for by the ALJ in her RFC determination.  *See* Tr. 103-114, 464, 481, 489, 510, 555, 569, 572, 577, 580, 582, 584, 649-50, 654 (all extensively detailing Plaintiff's post-surgical neck pain).  "[T]he failure to list a specific impairment at step two is not an error unless the impairment is 'separate and apart' from the other listed impairments."  *Gregory v. Comm'r, Soc. Sec. Admin.*, 742 F. App'x 152, 156 (8th Cir. 2018) (citing *Gragg v. Astrue*, 615 F.3d 932, 939 (8th Cir. 2010)).  Therefore, the Court finds that the ALJ's determination that Plaintiff's lumbar degenerative disc disease is not a severe impairment to be supported by substantial evidence.

Even if the Court were to assume that the ALJ erred when she failed to find Plaintiff's lumbar degenerative disc disease a severe impairment, any error was harmless in light of the ALJ's consideration of the impairment in her RFC analysis.  *Givans v. Astrue*, No. 4:10-CV417-CDP, 2012 WL 1060123, at *17 (E.D. Mo. Mar. 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's impairments to be severe, the error was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-severe impairments when determining Plaintiff's RFC).  As discussed above, the ALJ specifically considered Plaintiff's medical record, including the December 2019 MRI at issue, finding the impairment to be "mild" (Tr. 35).

The ALJ also contrasted Plaintiff's subjective complaints with her activities of daily living. *See* 20 C.F.R. § 404.1529 ("Factors relevant to your symptoms, such as pain, which we will consider include: your daily activities…").  The ALJ noted Plaintiff's subjective complaints of pain, detailing Plaintiff's hearing testimony including Plaintiff's contention that she is unable to perform administrative work for more than three hours without experiencing "immense" pain and migraine headaches that require her to go home and lay down (Tr. 32, 106-07).  However, the ALJ gave significant weight to contradictory evidence.  For example, the ALJ referenced post-operative medical records wherein Plaintiff reported working six hours following knee surgery and Plaintiff's physical therapist noted that she was doing "a lot of activity" and cautioned her "not to overdo it" (Tr. 33, 544).  In a 2019 Function Report, Plaintiff indicated that her daily activities included caring for two diabetic dogs, preparing meals, cleaning the family home, feeding and watering horses, going out to eat with friends, attending church twice a week, and doing laundry (Tr. 35, 394-401, 556-57).  The medical record is also replete with significant physical activity.  *See* Tr. 543 ("Patient is here for an evaluation regarding [left] knee surgery she sustained last Thursday.  She reports she was getting up on her horse and the saddle slid."); Tr. 77 ("Patient states she had a fall down [the] steps carrying a ladder and drug the ladder down the steps."); Tr. 520 ("Been busy in garden-probably sore from that."); Tr. 523 ("Washed German Shepard this AM.").  Additionally, the ALJ considered medical opinion evidence of record including state agency evaluations performed by Margarate Sullivan, Ph.D. and William Kimlinger, M.D. ("Dr. Kimlinger") (Tr. 36).  While Dr. Kimlinger limited the Plaintiff to a restricted range of sedentary work, both professionals noted the inconsistencies in the record between Plaintiff's "very active ADL lifestyle" and her allegation that she in unable to work more than three hours per day (Tr. 36, 145, 165).  Thus, the ALJ concluded that Plaintiff could

perform sedentary work with additional postural limitations such as never being able to climb ropes, ladders, or scaffolds, and only occasionally climbing remaps and stairs, stoop, kneel, crouch, and crawl (Tr. 31).

Because the RFC already accounted for back and neck pain and Plaintiff has not identified any additional limitations resulting from her lumbar degenerative disc disease, there is nothing to suggest that the ALJ's RFC determination would be different if she had found Plaintiff's lumbar impairment to be severe. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (noting that an error is harmless unless the ALJ would have decided the case differently). Therefore, even if the ALJ erred when she determined that Plaintiff's lumbar impairment was not severe, the Court finds this error harmless and the RFC determination to be based on substantial evidence.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**, with prejudice

A separate judgment will accompany this Memorandum and Order.

Dated this 22nd day of August, 2022.

　　　 /s/ Noelle C. Collins　　　　　　
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE